UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DALE EMPEY, an individual,<br><br>      Plaintiff,<br><br> v.<br><br>CALIBER HOLDINGS LLC, a foreign limited liability company, dba Caliber Collision, and CALIBER HOLDINGS OF WASHINGTON, LLC, a foreign limited liability company, dba Caliber Holdings Corporation dba Caliber Collision,<br><br>      Defendants. | CASE NO. 3:23-cv-05170-RJB<br><br>ORDER ON CALIBER HOLDINGS LLC'S MOTION TO STRIKE AND SEAL |

  This matter comes before the Court on Defendant Caliber Holdings LLC's ("Caliber") Federal Rule Civil Procedure ("Rule") 12(f) Motion to Strike and W.D. Washington Local Rule Civil Procedure ("Local Rule") 5(g) Motion to Seal (Dkt. 19), and Plaintiff Dale Empey's motion to file a supplemental response (Dkt. 25). The Court has considered the pleadings filed regarding the motions and remaining record.

  In this case, Mr. Empey alleges that Caliber, his employer, failed to compensate him in accordance with Washington law. Dkt. 1-2. In his recently filed Amended Complaint, Mr.

ORDER ON CALIBER HOLDINGS LLC'S MOTION TO STRIKE AND SEAL - 1

1   Empey further alleges that during settlement talks, Caliber violated Washington's Silenced No
2   More Act, RCW 49.44.211 ("SNMA").  Dkt. 17.
3       Caliber now contends that the allegations related to Mr. Empey's SNMA claims violate
4   Washington's Uniform Mediation Act, RCW 7.07.030 ("Mediation Act"). Dkt. 19.  Caliber
5   moves for an order:  (1) striking from the Amended Complaint all references to and excerpts
6   from confidential mediation communications and/or (2) sealing all previously disclosed and
7   future privileged mediation communications on which Mr. Empey intends to rely.  Dkt. 19.  For
8   the reasons provided below, the motion (Dkt. 19) should be denied, in part, and denied, without
9   prejudice, in part.  Mr. Empey's motion to file a supplemental response (Dkt. 25) should be
10  denied.

**I.    FACTS**

12      As this case progressed, the parties attempted to settle the case by mediation.  Dkt. 23 at 1.
13  They agreed on a mediator and on March 1, 2024, the parties executed a Confidentiality
14  Agreement which was drafted by their chosen mediator.  Dkt. 21-2.  The Confidentiality
15  Agreement provided, in part, "[a]ll statements made during the course of mediation are
16  privileged, are made without prejudice to any party's legal position, and are non-discoverable
17  and inadmissible for any purpose in any legal proceeding."  Dkt. 21-2 at 2.  It further provided
18  that "[e]vidence of anything said or of any admission made in the course of mediation is not
19  admissible in evidence . . ." and that "[u]nless the document otherwise provides, no document
20  prepared for the purpose of, or in the course of, or pursuant to, the mediation . . . is admissible in
21  evidence . . ."  *Id.*
22      On April 17, 2024, Mr. Empey, his lawyer, and Caliber's lawyers participated in a virtual
23  mediation hearing.  Dkt. 20 at 1.  After the mediation hearing and through July of 2024, the
24

parties continued to communicate with each other by phone and email and copied the mediator on the emails. Dkts. 20 at 1-2; 21 at 2. Other than responding to a second request for mediation, the mediator did not respond to (except with out-of-office notices), or acknowledge, the emails. Dkts. 23 at 2-3; 23-2, 23-3 and 23-4. The email communications involved negotiating settlement agreement terms and discussed items like case deadlines. Dkt. 20 at 2.

On July 11, 2024, the parties' lawyers (not the parties) had a "short call" with the mediator. Dkt. 23 at 4. According to Mr. Empey's lawyer, "[t]here were no negotiations during this call, and there were no changes in any parties' position. . . the only information conveyed during the call was that [Caliber] continued to demand the same terms that [Mr. Empey] had already rejected, and that [Mr. Empey] continued to reject those terms." *Id*.

The parties met on July 30, 2024, and Mr. Empey informed Caliber that he intended to move to amend the complaint to add an SNMA claim. Dkt. 20 at 2. Caliber indicated that it would not oppose the amendment but indicated that it thought the Amended Complaint should be sealed because it may contain privileged and confidential mediation information. *Id*. On August 22, 2024, Mr. Empey sent Caliber a copy of a proposed unopposed motion to amend the complaint and a copy of the proposed amended complaint. *Id*. Caliber did not object to the amendment at that time.

On August 26, 2024, Mr. Empey filed the unopposed motion to amend his complaint (Dkt. 14) and included a copy of his proposed amended complaint (Dkt. 14-1). His motion was granted (Dkt. 16) and he filed his Amended Complaint (Dkt. 17). In addition to the wage claims that were made in the original Complaint, the Amended Complaint adds a claim pursuant to the SNMA. Dkt. 17 at 16-23. It alleges that Caliber violated the SNMA on several occasions, primarily related to terms in various versions of Caliber's proposed settlement agreement. *Id*.

1   Allegations in support of the SNMA claim include that Caliber "demand[ed] that Plaintiff and
2   his counsel agree not to discuss the existence or facts of Plaintiff's wage and employment claims
3   in any public forum" and that Caliber "demand[ed] that Plaintiff agree not to disclose the fact or
4   terms of any settlement of his employment and/or wage claims" against it.  *Id.* at 17-18.
5        After the Amended Complaint was filed, Caliber contacted Mr. Empey to see if he would
6   agree to file the Amended Complaint under seal and file a redacted public version.  Dkt. 20 at 2.
7   The parties were not able to come to an agreement.  *Id.*
8        Caliber now moves to strike provisions in the Amended Complaint which identify
9   specific actions it took that allegedly violate the SNMA.  Dkt. 19.  If the Court does not strike
10  those portions of the Amended Complaint, Caliber moves the Court for an order sealing the
11  Amended Complaint and requiring that future filings containing privileged mediation
12  communications be filed under seal.  *Id.*
13       Mr. Empey responded (Dkt. 22) and Caliber filed a reply to the response (Dkt. 24).  Mr.
14  Empey then moved for leave to file a supplemental response (Dkt. 25) with the proposed
15  supplemental response attached (Dkt. 25-1), which Caliber opposed (Dkt. 26).
16      The Court should first decide whether Mr. Empey should be permitted to file a supplemental
17  response (Dkt. 25) and then consider Caliber's motion to strike and/or motion to seal (Dkt. 19).
18                          II.     **DISCUSSION**
19  **A.  MR. EMPEY'S MOTION TO FILE SUPPLEMENTAL RESPONSE**
20       Mr. Empey's motion to file a supplemental response (Dkt. 25) should be denied.  Under
21  Local Rule 7(g), surreply briefs are "strictly limited" to addressing "requests to strike material
22  contained in or attached to submissions of opposing parties."  "Extraneous argument or a
23  surreply file for any other reason will not be considered."  Local Rule 7(g)(2).  Mr. Empey seeks
24

1  to file a surreply that makes substantive arguments related to Caliber's reply; it is not a request to

2  strike material in, or attached to, that reply.  Dkt. 25.  It should not be considered.

3     **B. THE SNMA, MEDIATION ACT, AND CALIBER'S MOTION TO STRIKE OR MOTION TO SEAL**

      As stated above, in addition to the prior wage claims, the Amended Complaint adds a claim pursuant to the SNMA.  Dkt. 17 at 16-23.  Caliber moves to strike provisions in the Amended Complaint which identify specific actions it took that allegedly violate the SNMA.  Dkt. 19.  Caliber contends that these allegations violate the Mediation Act.  *Id.*  To decide Caliber's motion, a brief explanation of both the SNMA and Mediation Act is helpful.

      1.  <u>SNMA</u>

  Effective June 9, 2022, the SNMA provides:

> A provision in an agreement by an employer and an employee not to disclose or discuss conduct, or the existence of a settlement involving conduct, that the employee reasonably believed under Washington state, federal, or common law to be illegal discrimination, . . . **a wage and hour violation**, . . . or that is recognized as against a clear mandate of public policy, is void and unenforceable.

RCW 49.44.211(1)(*emphasis added*).  It further provides that "[p]rohibited nondisclosure and nondisparagement provisions include those contained in employment agreements, . . . **agreements to pay compensation in exchange for the release of a legal claim**, or any other agreement between an employer and an employee." *Id.* (*emphasis added*) Violations include employers "request[ing] or requir[ing] that an employee enter into any agreement provision that is prohibited" by the SNMA or "[a]ttempt[ing] to influence a party to comply with a provision in any agreement that is prohibited" by the SNMA.  RCW 49.44.211(4) and RCW 49.44.211(5).  Employers who violate the SNMA are liable for actual or statutory damages of $10,000 and attorneys' fees and costs.  RCW 49.44.211(7).  The SNMA further directs that its provisions "are to be liberally construed to fulfill its remedial purpose."  RCW 49.44.211(10).

ORDER ON CALIBER HOLDINGS LLC'S MOTION TO STRIKE AND SEAL - 5

Perhaps due to the statute's relatively new passage, there are only two Washington state court cases and one case from the U.S. District Court for the Eastern District of Washington which reference the SNMA. *Flynn v. Master Builder Ass'n of King & Snohomish Ctys.*, 2024 WL 4026250, at *1 (Wash. Ct. App. Sept. 3, 2024)(noting that the plaintiff made a claim under the SNMA but reversed and remanded case on other grounds); *Allread v. City of Burien*, 29 Wn. App. 2d 1018 (2024)(rejecting plaintiff's argument that the parties' separation agreement violated the SNMA because the argument was raised for the first time in the reply). *Kane v. Mednax Servs., Inc.*, 2022 WL 16748784, at *6 (E.D. Wash. Nov. 7, 2022)(citing the SNMA and noting that recent amendments to Washington's labor statutes reveals a "clear intent" to avoid confidentiality provisions in employment agreements as they relate to claims arising from discrimination, harassment, retaliation, sexual assault, and wage and hour violations") *rev'd on other grounds,* 2023 WL 8797505 (9th Cir. Dec. 20, 2023). In any event, none of these cases address the intersection between the SNMA and Mediation Act.

2. Mediation Act

Under Washington's Mediation Act, "a mediation communication is privileged" unless the privilege is waived or precluded. RCW 7.07.030(1). Accordingly, as is relevant here, "in a proceeding," a mediation party, like Caliber, "may refuse to disclose, and may prevent any other person from disclosing, a mediation communication." RCW 7.07.030(2)(a). The Mediation Act defines "mediation communication" as a statement "that occurs during a mediation or is made for purposes of considering, conducting, participating in, initiating, continuing, or reconvening a mediation or retaining a mediator." RCW 7.07.010(2). A proceeding is defined as a "judicial . . . . or other adjudicative process, including related prehearing and posthearing motions, conferences, and discovery . . ." RCW 7.07.010(7). At least one court has broadly construed the

mediation communication privilege.  *See King Cnty. v. Travelers Indem. Co.,* 2018 WL 1994119, at *2 (W.D. Wash. Apr. 27, 2018).

### 3. Caliber's Motion to Strike

Under Rule 12(f), the Court may "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  The purpose of a Rule 12(f) motion to strike is "to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010).  Motions to strike material are disfavored and should only be granted for the five reasons discussed in the rule – material that is "(1) an insufficient defense; (2) redundant; (3) immaterial; (4) impertinent; or (5) scandalous."  *Id.* at 973-974.

None of Rule 12(f)'s grounds apply.  (1) The allegations in the Amended Complaint Caliber seeks to strike are not a defense and so are not an "insufficient defense."  (2) The allegations are not "redundant" – they do not needlessly repeat information.  (3) The Amended Complaint's allegations are arguably not "immaterial;" they appear to have an important relationship to Mr. Empey's SNMA claim.  *See Fantasy, Inc. v. Fogerty,* 984 F.2d 1524, 1527 (9th Cir. 1993), *rev'd on other grounds,* 510 U.S. 517 (1994)(noting that matter is immaterial if it has no essential or important relationship to a claim).  (4) The allegations are not "impertinent" because they may pertain and be necessary to the SNMA claim.  *Id.* (noting that "impertinent" statements do not pertain and are not necessary to the issues).  (5) There is no showing that the allegations are "scandalous."  Caliber's motion to strike should be denied.

### 4. Caliber's Motion to Seal

If the motion to strike is denied, Caliber moves the Court for an order sealing the Amended Complaint, requiring Mr. Empey file a redacted Amended Complaint, and requiring

that future filings containing privileged mediation communications be filed under seal along with redacted public versions. Dkt. 19.

There is a strong presumption in favor of access to court records. *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016). A party seeking to seal a judicial record (that is more than tangentially related to the merits of the case) bears the burden of overcoming this strong presumption by meeting the "compelling reasons standard." *Id.* Under this stringent standard, court records may only be sealed when a court finds "a compelling reason and articulates the factual basis for its ruling, without relying on hypothesis or conjecture." *Id*. at 1096-97. It must then "conscientiously balance the competing interests of the public and the party who seeks to keep certain judicial records secret." *Id.* at 1097. Further, under Local Rule 5(g)(3)(B), for a motion to seal, the court should consider (i) "the legitimate private or public interest that warrant the relief sought;" (ii) "the injury that will result if the relief sought is not granted;" and (iii) "why a less restrictive alternative to the relief sought is not sufficient."

Considering the current record, Caliber's motion to seal the Amended Complaint and further filings that contain mediation communications (Dkt. 19) should be denied without prejudice. Caliber has shown that its interest in a potential mediation communication privilege combined with its reliance on the parties' representations in the mediation Confidentiality Agreement constitute "compelling interests." *Ctr. for Auto Safety* at 1097. The competing interests of the public are also substantial, however. While the public and Caliber have an interest in promoting candid participations in mediations (with the assurance that the mediation communications will remain confidential), the public has a strong interest in access to court records. *Id.* at 1096. The Washington state legislature has provided an equally important public interest: that of openness in settlement agreements as they relate to claims arising from

ORDER ON CALIBER HOLDINGS LLC'S MOTION TO STRIKE AND SEAL - 8

employment discrimination or wage and hour violations as codified in the SNMA. It appears that the Washington legislature may have created two competing interests in the Mediation Act and SNMA. In any event, on balance, considering the current record, the public interests outweigh Caliber's interest in having the Amended Complaint sealed. It is unnecessary to consider whether Caliber met Local Rule 5(g)(3)(B)'s requirements because it did not make a sufficient showing on the "compelling interest" balancing test.

5. Conclusion

Mr. Empey's motion to file a supplemental response should be denied. Caliber's motion to strike should be denied and its motion to seal should be denied without prejudice. Nothing in this order should be construed as ruling on the validity of Mr. Empey's SNMA claim or on Caliber's Mediation Act privilege claim.

Caliber's motions are side issues and do not resolve any key issues in this case. Key issues on Mr. Empey's SNMA claim and Claiber's Mediation Act privilege claim, likely best presented in dispositive motions after discovery is complete, may include whether there are issues of fact about when the mediation ended and whether there is admissible evidence to support Mr. Empey's SNMA claim either because of Caliber's Mediation Act privilege claim or the parties' mediation contract. In any event, the parties here appear to be distracted from the core issues in the case – that is whether Caliber's compensation scheme violated Mr. Empey's rights.

### III.  ORDER

Therefore, it is hereby **ORDERED** that:

- Mr. Empey's motion to file a supplemental response (Dkt. 25) **IS DENIED;**
- Caliber's Rule 12(f) Motion to Strike (Dkt. 19) **IS DENIED**, and

ORDER ON CALIBER HOLDINGS LLC'S MOTION TO STRIKE AND SEAL - 9

- Caliber's Local Rule 5(g) Motion to Seal (Dkt. 19) **IS DENIED WITHOUT PREJUDICE.**

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

Dated this 15th day of October, 2024.

*Robert J. Bryan*
ROBERT J. BRYAN
United States District Judge