UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DALE EMPEY,<br><br>                Plaintiff,<br><br>   v.<br><br>CALIBER HOLDINGS LLC, a foreign limited liability company, dba Caliber Collision, and CALIBER HOLDINGS OF WASHINGTON, LLC, a foreign limited liability company, dba Caliber Holdings Corporation dba Caliber Collision,<br><br>                Defendants. | CASE NO. 3:23-cv-05170-RJB<br><br>ORDER ON MOTION TO COMPEL DISCOVERY PRODUCTION |

      This matter comes before the Court on the Plaintiff Dale Empey's Motion to Compel Discovery Production. Dkt. 33. The Court has considered the pleadings filed regarding the motion and the remaining file and is fully advised.

      In his Amended Complaint, Mr. Empey alleges that Defendants (collectively "Caliber") failed to compensate his work for them in accordance with Washington law. Dkt. 17. He and Caliber dispute whether he was exempt from Washington's minimum wage and overtime

ORDER ON MOTION TO COMPEL DISCOVERY PRODUCTION - 1

requirements as a commissioned employee or entitled to other means of calculating his minimum wage and overtime requirements, i.e. piece rate basis. *Id.* Mr. Empey further contends that the proposed settlement agreement arrived at during private mediation and drafted by Caliber violated Washington's Silenced No More Act, RCW 49.44.211. *Id.*

In its Answer, Caliber denies plaintiff's claims with minimal explanation and alleges 12 affirmative defenses. Dkt. 30.

In the motion to compel discovery at issue here, Plaintiff states that, at trial, he intends to prove that he is not a commissioned employee, that the amounts paid to him were not to proportionate the charges to the customer or a fixed amount of Caliber's profits. He alleges that he was denied pay for work not directly related to a work order; that he wasn't paid overtime for those weeks in which he worked over 40 hours, and that his pay was unlawfully reduced for work he had already performed but Caliber didn't collect from the customer or the insured. Dkt 33 at 2-4.

In his discovery requests to Caliber, Plaintiff sought certain discovery including: (a) "documents showing the actual tasks performed by Plaintiff and the 'flag hours' Defendant(s) assigned to each task, which are primarily documented as 'Work Orders' . . . ;" (b) "documents showing the 'flag hours' and dollar amounts that Defendant(s) actually paid to Plaintiff for each such task, which are primarily documented as 'Paysheets,'" (c) "customer estimates and invoices, along with agreements between Defendants and customers' insurers, showing the repair tasks charged to customers on whose vehicles Plaintiff performed work along with the amounts Defendant(s) charged the customers, or their insurers, for each such task." Dkt. 33 at 3.

Further, Mr. Empey moves to compel documents containing communications between the parties and Caliber's internal communications referring to work time, payment, deductions,

ORDER ON MOTION TO COMPEL DISCOVERY PRODUCTION - 2

clawbacks, "backflagging" of wages, reductions in pay/wages and unpaid time or tasks. Dkt. 33. He further moves to compel documents of the "representative period" designated for assessing commission pay, documents on the assessment of the pay plan (exclusive of attorney-client privileged communications), documentation of other wage complaints, witness information, and business banking information on the wage payor. *Id.* Mr. Empey also moves the Court for an order compelling Caliber to produce a privilege log if Caliber is withholding certain document production on the grounds of privilege. *Id.*

In its response to the motion, Caliber reiterates its boilerplate objections to the requested discovery as overbroad, burdensome, vague, ambiguous, not calculated to lead to the discovery of admissible evidence, and impose a duty beyond that set forth in civil rules. Dkt. 36 at 1-2. Caliber contends that a sampling of wage related documents that it has already produced is sufficient for the plaintiff's purposes.

Caliber further argues that it estimates that the total number of relevant documents will number at least 3,000 and will take a person working full time several weeks to collect. As to certain information contained in the documents, it wants a protective order and time to produce a privilege log. Finally, Caliber told Mr. Empey in its responses to the discovery, that it will produce the requested documents by May 1, 2025. Because Caliber did not produce any documents by May 1, 2025, Mr. Empey filed a second motion to compel, making the same arguments as in the first. Dkt. 40.

## **DISCUSSION**

Fed. R. Civ. P. 37(a)(3)(B), provides in relevant part, that "[a] party seeking discovery may move for an order compelling an answer, designation, production, or inspection. This motion may be made if: . . . (iv) a party fails to produce documents . . . as required under Rule

ORDER ON MOTION TO COMPEL DISCOVERY PRODUCTION - 3

34." Rule 34 permits a party to request another party produce documents "within the scope of Rule 26(b)." Rule 34(a)(1)(A).

Under Rule 26(b)(1), "unless otherwise limited by court order, the scope of discovery is as follows: parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case. . ." "The court should and ordinarily does interpret 'relevant' very broadly to mean matter that is relevant to anything that is or may become an issue in the litigation." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351, n.12 (1978)(*quoting* 4 J. Moore, Federal Practice ¶ 26.56 [1], p. 26-131 n. 34 (2d ed. 1976)).

Washington has a "long and proud history of being a pioneer in the protection of employee rights." *Hill v. Xerox Business Services, LLC*, 191 Wash.2d 751,760, 426 P.3d 703 (2018) (internal quotations and citation omitted). In 1913, Washington was one of the first states to enact a statewide minimum wage for women and minors. *Id.* (citations omitted) In 1959, those minimum wage protections were expanded to include men. That expanded version became known as the Washington Minimum Wage Act. *Id.* (citations omitted). The Washington Supreme Court "requires.. that the WMA be liberally construed [in favor of the employee] and that its exceptions be narrowly confined." *Id.* At 709 (citations omitted).

The legislature in Washington's MWA, RCW 49.46.005(1) – (2) stated its purpose:

> Whereas the establishment of a minimum wage for employees is a subject of vital and imminent concern to the people of this state . . . therefore the legislature declares that in its considered judgment the health, safety and the general welfare of the citizens of this state require the enactment of this measure,. . to establish a minimum wage for employees of this state to encourage employment opportunities within the state. . . [and]
>
> . . establishing the forty-hour workweek and the right to overtime pay.

ORDER ON MOTION TO COMPEL DISCOVERY PRODUCTION - 4

*Sampson v. Knight Transportation, Inc.*, 193 Wash. 2d 878, 883-84, 448 P.3d 9, 10 (2019). The statute does not restrict employers to specific compensation structure but does require that employee be paid at least the minimum wage for each hour worked. *Id.*

One of the primary issues in the case is the basis of Mr. Empey's pay calculation. Is he an hourly employee, a piece rate employee, a commissioned employee, or a hybrid of one or more of these systems? An hourly employee is entitled to his contractual hourly rate of pay, or the legal minimum wage. *Hill,* 191 Wash.2d at 752. Workweek averaging to determine minimum wage is not allowed for hourly employees. *Id.* at 756. If the employee is paid on commission or piecework basis, wholly or partially, (1) The amount earned on such basis in each work-week period may be credited as a part of the total wage for that period; and (2) The total wages paid for such period shall be computed on the hours worked in that period resulting in no less than the applicable minimum wage rate. WAC 1296-126-021. This is known as workweek averaging, which is allowed under the MWA. *Hill,* 191 Wash.2d at 765 (citations omitted). *See also Gonzalez v. Downtown LA Motors, LP*, 215 Cal.App.4th 36, 155 Cal.Rptr.3d 18, (2013) (pay scheme like the instant one under California labor law, similar to Washington law.)

On the matter of overtime, an hourly employee is entitled for all hours worked over 40 hours in a workweek at the rate of time and a half the regular rate of pay. WAC 296-128-550. If he is a piece rate or commissioned employee, Exhibit A to the Declaration of Amy Taylor (dkt 36 at 6-9) filed in response to the instant motion, instructs the employer on how to determine if the employee is covered by the overtime exemption, instructions to employers about selecting a representative period for proving the exemption, and the "steps" or formula proving the validity of the claimed exemption.

This dispute calls to mind the seminal case regarding discovery obligations of litigants and appropriate sanctions for discovery disputes of *Washington State Physicians Insurance Exchange & Association v. Fisons Corp.*, 122 Wash.2d 299, 858 P.2d 1054 (1993). There, plaintiff accused the defendant of failing to produce documents that it described as the proverbial "smoking gun" among other key documents. 122 Wash.2d at 337. In finding state discovery rules similar to federal ones, the Washington Supreme Court observed that the goal of these rules is

> . . .reducing delaying tactics, procedural harassment and mounting legal costs.
>
> The purpose of discovery is to provide a mechanism for making relevant information available to the litigants. Mutual knowledge of all the relevant facts gathered by both parties is essential to proper litigation. Thus, the spirit of the rules is violated when advocates attempt to use discovery tools as tactical weapons rather than to expose the facts and illuminate the issues by overuse of discovery or unnecessary use of defensive weapons or evasive responses. All of this results in excessively costly and time-consuming activities that are disproportionate to the nature of the case, the amount involved, or the issues or values at stake....

*Fisons,* 122 Wash.2d at 341, 858 P.2d at 1077 (internal quotations and citations omitted). The decision emphasized that ". . .a spirit of cooperation and forthrightness during the discovery process is necessary for the proper functioning of modern trials. . ." As noted by Washington Supreme Court Justice Barbara Durham in *Gammon v. Clark Equip. Co.,* 38 Wash.App. 274, 686 P.2d 1102 (1984), *aff'd,* 104 Wash.2d 613, 707 P.2d 685 (1985), writing to explain why a new trial should have been ordered because of discovery abuse by the defendant, stated:

> The Supreme Court has noted that the aim of the liberal federal discovery rules is to make a trial less a game of blindman's b[l]uff and more a fair contest with the basic issues and facts disclosed to the fullest practicable extent. The availability of liberal discovery means that civil trials no longer need be carried on in the dark. The way is now clear ... for the parties to obtain the fullest possible knowledge of the issues and facts before trial. This system obviously cannot succeed without the full cooperation of the

ORDER ON MOTION TO COMPEL DISCOVERY PRODUCTION - 6

parties. Accordingly, the drafters wisely included a provision authorizing the trial court to impose sanctions for unjustified or unexplained resistance to discovery.

*Gammon*, 38 Wash.App. at 280, 686 P.2d 1102 (Citations and internal quotations omitted.). Here, the court expects that parties perform their discovery obligations with these principles in mind.

Finally, Rule 26(b)(1) requires the court to determine that the requested discovery is relevant to any party's claims or defense and to conduct a proportionality analysis regarding the requested discovery. Six factors are included in the rule: 1) the importance of the issues at stake in the case; 2) the amount in controversy; 3) the parties' relative access to the relevant information; 4) the parties' resources; 5) the importance of the discovery in resolving the issues; and 6) where the burden or expense the requested discovery outweighs its likely benefit. *Id*.

Based on the record, the court finds that requested discovery is relevant to his claims made in his Amended Complaint. Rule 26(b)(1) ("Parties may obtain discovery regarding any nonprivileged matter that is relevant to any parti's claim or defense . . ")

Taking each factor of the proportionality review in turn, the parties' arguments, and the above stated law, the court finds as follows:

1) The Importance of the Issues at Stake in the Case.

The requested documents are key to determining which part of the MWA applies to plaintiff's pay, his damages and resolving other issues in the case. The plaintiff apparently has no other access to the information. As stated above, protecting employee's wage rights is important public policy under Washington law. *Hill*, 191 Wash.2d at 760. See also RCW 49.46.005(1) (The establishment of a minimum wage is of "vital and imminent concern to the people of this state.")

Defendants' objections that plaintiff's discovery requests are irrelevant, overly broad, overly burdensome, and improperly described does not comply with Rule 34(b)(2)(B) (the

ORDER ON MOTION TO COMPEL DISCOVERY PRODUCTION - 7

objecting party must state *with specificity* the ground for objecting to the request including the reasons. Emphasis added.). Some courts have found that objections to discovery requests should provide enough detail to facilitate an "informed discussion" about why the information was withheld. *See e.g. Crozer-Chester Med. Ctr. V. Nat'l Lab. Rels. Bd*., 976 F.3d 276, 292 (3rd Cir. 2020) (citing Fed. R. Civ. P. 34(b)(2)(B) advisory committee's note (2015)).

       2) The Amount in Controversy.

       A complete set of wage related documents directly bear on proving what the appropriate pay scheme is and the amount in controversy. Neither party has stated what the amount in controversy and the court has no other information to make a determination. Further, Rule 26(b)(1) provides "[i]nformation within this scope of discovery need not be admissible in evidence to be discoverable."

       3) The Parties' Relative Access to the Relevant Information

       Defendants told the plaintiff that they will provide documents on or before May 1, 2025, apparently indicating that they have access to the information. They don't provide information about why they didn't meet that obligation. It doesn't appear that plaintiff has any independent access to requested information, or any other access to the information than from the defendants.

       4) The Parties' Resources

       The defendants have not justified the alleged burden and expense of production in detail nor shown that the burden and expense outweigh the likely benefit; they haven't proposed an alternative. The plaintiff is a single private person. It is clear that the defendants have the information and the documents and the plaintiff has no other way to obtain it.

      5) The Importance of the Discovery in Resolving the Issues.

      Further, the defendants fail to argue that the requested discovery is not proportional to the issues at stake, the amount in controversy, or the importance of discovery to resolve the issues in the case. As stated herein, this is a case that impacts an important public policy in the State of Washington. This case may a type of case described in the Advisory Committee Notes for the 2015 Amendment to Rule 26(b(1) ("[T]he rule recognizes that many cases in public policy spheres, such employment practices . . may have importance far beyond the monetary amount involved.")

      6) Whether the Burden or Expense of Discovery Outweighs its Likely Benefit

      The defendants contend that it will be expensive to pick them out of the vast numbers of documents associated with other employees responsive to Mr. Empey's request. The defendants fail to give detailed support for its contention that it is too expensive. Mr. Empey is a single party versus the defendant being a corporate entity, presumptively with many employees. As stated in Advisory Committee's Note (2015), the defendants should consider opportunities for reducing burden and expense of searching for documents and information.

      Based on these findings and the applicable law set forth herein, the court concludes that the plaintiff has demonstrated that the documents he seeks are relevant and proportional to the needs of the case.

      It appears from the record that defense counsel used a variety of efforts to avoid full response to Plaintiff's discovery requests, such as offering samples, promising future response, attacking plaintiff's need for the discovery request, claiming over-breadth in the request, claiming burdensomeness, contending that there is no relevance and/or little value in producing the entire set, and claiming that some of the request is improper. None of those efforts bore fruit,

ORDER ON MOTION TO COMPEL DISCOVERY PRODUCTION - 9

and the defendants' objections are overruled. As explained herein, the court concludes that the Defendants must respond fully to Plaintiff's requests.

Therefore, it is hereby

ORDERED that Plaintiff's Motion to Compel Discovery is GRANTED as follows:

1) Paysheets showing specific tasks for which defendant paid plaintiff and the amount of flag hours paid for each task, as sought in RFP #7, 9, 27, 45 and 46.

2) Work orders showing specific tasks performed by plaintiff and the flag hours in each task, including any reductions, i.e. backflagging. RFP #7, 14, 22, 27, 44, and 45.

3) Customer invoices showing the customer and other specific detail on vehicles that plaintiff worked on in RFP #15 and 43.

4) Documents re agreements with insurers as to task charge amount, uncharged tasks, and reduced charges sought in RFP 16, 17, 18, 19, 20.

5) Communications between parties re work time, payment, deductions, backflagging, reductions in pay, and unpaid time/tasks sought in RFP #8, 21, 22, 23, and 28.

6) Internal documents between defendants' agents/management re work time, payment, deductions, backflagging, reductions in pay, and unpaid time/tasks sought in RFP 24.

7) Documents re the "representative period" for assessing commissions and plaintiff's alleged exemption from overtime sought in RFP #30.

8) Documents relied on by defendants in assessment of pay plan sought in RFP #29.

9) Documentation of other wage complaints sought in RFP #33, 34, 35, and 36.

10) Witness information sought in Inter. #1, 2, and 3.

11) Business banking information re wage payor, sought in RFP #40.

12) Documents supporting Affirmative Defenses #8, #10, and #12 sought in RFP 29, 47, 48, and 49.

Caliber shall produce the documents and information within 30 days of the date of this order.

ORDER ON MOTION TO COMPEL DISCOVERY PRODUCTION - 10

It is further

ORDERED that the court RESERVES ruling on issues of an award of attorneys' fees and costs in favor of Mr. Empey for bringing this motion, as well as issues regarding the expenses of production of the discovery materials. The parties are advised to keep detailed records on such matters, as they may be addressed in further motion practice and/or in court's findings at conclusion of the trial.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at said party's last known address.

Dated this 15th day of May, 2025.

*[signature: Robert J. Bryan]*

ROBERT J. BRYAN
United States District Judge