UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DALE EMPEY,<br><br>　　　　　　　　Plaintiff,<br>　　v.<br><br>CALIBER HOLDINGS LLC, a foreign limited liability company, dba Caliber Collision, and CALIBER HOLDINGS OF WASHINGTON, LLC, a foreign limited liability company, dba Caliber Holdings Corporation dba Caliber Collision,<br><br>　　　　　　　　Defendants. | CASE NO. 3:23-cv-05170-RJB<br><br>ORDER GRANTING MOTION TO ENFORCE SETTLEMENT |

This matter comes before the court on Plaintiff's Motion to Enforce Settlement. Dkt.#68. The court having reviewed the motion, the defendants' response, and the plaintiff's reply and the court's file, hereby rules as follows.

FACTUAL AND PROCEDURAL BACKGROUND

On March 3, 2023, a Notice of Removal was filed under this cause number removing plaintiff's Complaint originally filed in Clark County Superior Court. Dkt.#1 An Answer was

ORDER GRANTING MOTION TO ENFORCE SETTLEMENT - 1

1 filed by the defendants on March 8, 2023. Dkt.#5. Thereafter, the court entered orders setting

2 pretrial scheduling dates and a trial date. Dkt.#s 9,13, 29, 32.

3       Plaintiff filed a Motion to Compel Production of Discovery (dkt#33) and after

4 consideration of the defendants' opposition and other pleadings filed in support of the motion,

5 the court granted that motion in a written decision. Dkt.# 41. Defendants' Motion for

6 Reconsideration (dkt.#43) was denied by the court. Dkt.#45.

7       In response to informal communication by the parties, the court referred this matter to

8 Magistrate Judge Theresa L. Fricke for settlement proceedings. Dkt.#46. Magistrate Judge Fricke

9 issued an Order Re: Settlement Conference wherein she set the date for the settlement conference

10 and other associated deadlines and instructions. Dkt. #47. The settlement conference was

11 scheduled for June16, 2025 by Zoom Conference. Id. On June 16, 2025, the defendants filed a

12 Motion for Protective Order. Dkt.#50. On the same day, the defendants also filed a Motion for

13 Relief from Deadline. Dkt.#54.

14       On June 16, 2025, following the settlement conference that was not recorded, a Minute

15 Entry was filed by Magistrate Judge Fricke, stating: "Case settled. **Court holds hearing and**

16 **parties agree to terms on the record**. (Emphasis added.) Courtroom SEALED from 5:30 pm –

17 5:32 pm." Dkt.#57. On June 17, 2025, this court entered an Order setting the deadline for filing

18 "agreed proposed case closing documents that include resolution of pending motions and case

19 deadlines, and setting new deadline if, and as, necessary." Dkt.#58. The court stated that

20 "Plaintiff's counsel should take the lead in providing appropriate documentation. Agreed

21 proposed documents should be filed within 15 days from the date of the order." *Id.* That same

22 day, the parties filed a joint Notice of Settlement and stated that "[t]he parties are finalizing the

23 settlement documents and will file a Joint Stipulation of Dismissal." Dkt.#59.

24

ORDER GRANTING MOTION TO ENFORCE SETTLEMENT - 2

On June 24, 2025, the court reporter filed a SEALED Official Transcript of the settlement (dkt.#61) and a redacted Official Transcript of the settlement. Dkt.#60. According to the redacted transcript, at the conclusion of the Magistrate Judge's recitation of the essential terms of the settlement reached by the parties, the parties responded as follows:

> THE COURT: I can do that. All right. Let me ask, before we do that, Mr. Empey, as plaintiff, as you were listening to me make that recitation, is that an accurate and correct statement of the essential terms that the parties have agreed to?
> MR. EMPEY: Yes, it is.
> THE COURT: And, then, let me ask of counsel for the defense, Caliber Holdings, et al. -- and let me ask Ms. Taylor and Ms. Gonell, which one of you wants to answer?
> MS. GONELL: I can answer, Your Honor.
> THE COURT: Okay. Is that statement that I made for the record an accurate and correct statement of the agreement between the parties?
> MS. GONELL: It is, Your Honor.
> THE COURT: And all of the essential terms that the parties have agreed to, that's an accurate and correct statement of all the essential terms that have been agreed to; is that correct?
> MS. GONELL: Correct.
> THE COURT: Who will be your representative from the client?
> MS. GONELL: That will be Ms. Hall.
> THE COURT: And, Ms. Hall, having heard me recite the terms of the agreement for the record, is that an accurate and correct statement of the essential terms that the parties have agreed to?
> MS. HALL: Yes, Your Honor.

Dkt.#60, pp.4-6.

Thereafter, the defendants filed a Notice of Intent to Request Redaction (dkt.#62), and a Motion for Additional Redactions followed. Dkt.#65. The court denied those motions on August 8, 2025. Dkt.#67.

On July 14, 2025, the parties filed a Joint Status Report and Request for Extension of Deadline to file a dismissal of the case. Dkt.#63. On July 21, 2025, the court issued an Order Striking the Pending Motions (dkt.#s50 and 54), Trial Date, and Related Deadlines. Dkt.#66. In that order, the court set a new deadline for submission of closing case documents, August 1, 2025, and noted the Motion to Redact (dkt.#65) for August 6, 2025.

ORDER GRANTING MOTION TO ENFORCE SETTLEMENT - 3

On August 6, 2025, the court issued an Order Denying Motion to Redact; Order Setting Dismissal Date. Dkt.#67. In that order, the court noted the parties' failure to comply with the court's Minute Order extending the submission of case closing documents, and set a new deadline of August 8, 2025 for the filing of case closing documents or the court would enter an Order of Dismissal on August 13, 2025. *Id.*

On August 7, 2025, the plaintiff filed a Motion to Enforce Settlement (dkt.#68) and attached a written "Settlement Agreement", (dkt.#68-1) as his proposed documentation of the agreement. This written agreement includes the terms of the settlement agreement set forth in the Sealed Official Transcript (dkt#61). In response to this motion, the defendants argued that a term should be included in the settlement document that is outside of the terms set forth by Magistrate Judge Fricke in the sealed (dkt.#61) and redacted (dkt.#60) Transcripts of Settlement Hearing. There is no challenge by the defendants to any term set forth in the written Settlement Agreement or any contention that the proposed Settlement Agreement does not conform to the essential terms set forth by Magistrate Judge Fricke. Neither side disputes that the terms of the Settlement Agreement are as established by Magistrate Judge Fricke, nor has either side attempted to withdraw from that agreement, although the defendants have attempted to add material to the closing documents that is outside of the essential terms of the parties' agreement set forth in the transcripts of the Settlement Hearing (Redacted Transcript dkt.#60; Sealed Transcript dkt#61).

DISCUSSION

Under federal law, "[i]t is well settled that a district court has the equitable power to enforce summarily an agreement to settle a case pending before it." *Callie v. Near*, 829 F.2d 888, 890 (9th Cir. 1987) (citations omitted). Further, it is within the court's discretion to enforce a

settlement agreement entered on the record in open court and agreed to by each party. *Doi v. Halekulani Corp*., 276 F.3d 1131, 1138 (9th Cir. 2002) (citing *Sargent v. HHS*, 229 F.3d 1088, 1090 (Fed.Cir.2000) (holding, despite appellant's allegations that he was not bound by a settlement agreement because he had not signed it, that "it is well-established that an oral agreement is binding on the parties, particularly when the terms are memorialized into the record"); *see also In re Christie*, 173 B.R. 890, 891 (Bankr.E.D.Tex.1994) ("An agreement announced on the record becomes binding even if a party has a change of heart after he agreed to its terms but before the terms are reduced to writing.").

To be enforced, a settlement agreement must meet two requirements. First, it must be a complete agreement. *Callie,* 829 F.2d at 890 (citations omitted). This requires that the parties have reached agreement on all material terms. *Id.* at 891. Second, the parties "must have either agreed to the terms of the settlement or authorized their respective counsel to settle the dispute." *Marks–Foreman v. Reporter Pub. Co*., 12 F.Supp.2d 1089, 1092 (S.D. Cal. 1988) (citations omitted).

The Settlement Agreement proposed by the plaintiff is a full and final agreement. It conforms to the essential terms set forth in the transcripts of the Settlement Hearing, and it doesn't allow for adjustment of its terms by either party. The plaintiff demonstrates that the parties' affirmance at the settlement hearing indicated both a complete agreement and authority to settle the dispute. Further, the transcript indicated the parties' intention to be bound in the absence of a fully executed written agreement. *Callie*, 829 F.2d at 890–91. Since there are no disputed material facts concerning the existence or the terms of the settlement agreement, an evidentiary hearing is not necessary. *Doi*, 276 F.3d at 1139 (citation omitted).

ORDER GRANTING MOTION TO ENFORCE SETTLEMENT - 5

ORDER

Therefore, it is hereby

ORDERED that Plaintiff's Motion to Enforce Settlement is GRANTED. The Settlement Agreement (dkt.#68-1) conforms to the agreement of the parties established at the Settlement Hearing. *See* Redacted Transcript dkt.#60; Sealed Transcript dkt.#61. The parties should now conform to the Settlement Agreement.

Dated this 21st day of August, 2025.

*[signature: Robert J. Bryan]*

ROBERT J. BRYAN
United States District Judge